FLORIDA DEPARTMENT ~~of State~~
Division of Corporations

July 22, 2025

Brian Pollock

Pursuant to Chapter 48.161 Florida Statutes, substitute ser[vice...] Vera in case number 1:25-CV-21679-GAYLES/AUGUSTIN-[...] 2:15 PM.

Plaintiff(s)
Carlos Manuel Vasquez Lopez
v.
Defendant(s)
Henry Vera

The Secretary of State does not forward documentation to the defendant. All inquiries on behalf of this defendant should be made to the attorneys involved.

Tanner J. Turnmire
Processor of Service

Division of Corporations
P.O. Box 6327, Tallahassee, Florida 32314

Letter No. 250722041SOP.01

---

**U.S. Postal Service™ CERTIFIED MAIL RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $ 11.02

Sent To Henry Vera
Street and Apt. No., or PO Box No. 15874 SW 14th Ct
City, State, ZIP+4® Pembroke Pines FL 33027

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21679-GAYLES/AUGUSTIN-BIRCH

CARLOS MANUEL VASQUEZ LOPEZ,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## SUMMONS IN A CIVIL ACTION

TO:    HENRY VERA
        C/O SECRETARY OF STATE
        P.O. BOX 6327
        TALLAHASSEE, FL 32314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Brian H. Pollock, Esq.
> FairLaw Firm
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   (305) 230-4884
> brian@fairlawattorney.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: __Jul 17, 2025_____



Angela E. Noble
Clerk of Court

**SUMMONS**

s/ C.Davis
_____
Deputy Clerk
U.S. District Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-21679

CARLOS MANUEL VASQUEZ LOPEZ,

    Plaintiff,

vs.

HENRY VERA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Carlos Manuel Vasquez Lopez, sues Defendant, Henry Vera, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Carlos Manuel Vasquez Lopez,** is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Henry Vera,** was at all times material an owner/officer/director/manager of the Vera Restaurant Inc., for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was responsible for paying Plaintiff's wages.

3. Defendant operated a restaurant business, Vera Restaurant Inc. d/b/a 5 Esquinas, on Miami Beach, Florida. The restaurant has since filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Florida.

4. Defendant agreed to pay Plaintiff $12.00 per hour to start, increasing his pay to $16 per hour after approximately three months.

5. Defendant paid Plaintiff by Zelle or by check.

1

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff was unsuccessful in his attempt(s) to resolve this matter with the Defendant pre-suit.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

*Allegations Common to FLSA Claims*

11. Defendant's restaurant was, at all material times, an enterprise engaged in interstate commerce in his marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that moved through interstate commerce.

12. Defendant's restaurant cooked, prepared, and stored perishables and alcoholic beverages using machinery, appliances, refrigeration, goods, and materials that have also moved through interstate commerce.

13. Furthermore, Defendant's restaurant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions

going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14. Defendant's restaurant's annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

15. Defendant was Plaintiff's "employer," as the term "employer" is defined for FLSA claims in 29 U.S.C. §203(d).

16. Defendant maintained the control, oversight, and direction over Plaintiff and the others employees at his restaurant, including the ability to hire, fire, and discipline them.

17. Plaintiff was a non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

18. Plaintiff consents to participate in this lawsuit.

19. Plaintiff worked for Defendant as a "dishwasher" from approximately May to November 2024.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in Defendant's exclusive custody.

21. Defendant controlled all job-related activities of Plaintiff.

22. Defendant coordinated all job-related activities of Plaintiff.

23. Defendant supervised Plaintiff's work and signed paychecks to him.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Carlos Manuel Vasquez Lopez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

24. Plaintiff did not receive at least the federal minimum wage of $7.25 per hour for each of the hours he worked for Defendant at its restaurant, including by failing to pay him at all for his last two weeks and three days of work.

25. As a direct and proximate result of Defendant's violations of the FLSA, as set forth above, Plaintiff is entitled to recover the applicable minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carlos Manuel Vasquez Lopez, demands the entry of a judgment in Plaintiff's favor and against Defendant, Henry Vera, as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    f. Such other and further relief as the Court deems just and proper.

### COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Carlos Manuel Vasquez Lopez, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

26. Plaintiff worked over 40 hours in one or more workweeks for Defendant at his restaurant.

27. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for the overtime hours he worked.

28. As a direct and proximate result of Defendant's violations of the FLSA, as set forth above, Plaintiff is entitled to recover overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carlos Manuel Vasquez Lopez, demands the entry of a judgment in Plaintiff's favor and against Defendant, Henry Vera, as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    f. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiff, Carlos Manuel Vasquez Lopez, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

29. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that he worked and earned but did not receive. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v.*

5

*Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

30. Plaintiff and Defendant agreed that in exchange for Plaintiff expending time and effort on their behalf, it would compensate him at a rate of $20.00 and/or $18.00 for each hour that worked.

31. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

32. Defendant, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate(s) for each of the hours he worked by routinely underpaying him and by not paying him at all for his last two weeks and three days of work.

33. Plaintiff has been damaged as a direct and proximate result of the Defendant's failure to pay him the agreed-upon rate(s) for the hours he worked.

WHEREFORE Plaintiff, Carlos Manuel Vasquez Lopez, demands the entry of a judgment in his favor and against Defendant, Henry Vera, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs, and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT V – UNJUST ENRICHMENT

Plaintiff, Mairalys Fernandez Reyes, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned, but did not receive. *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v.*

*Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

35. Plaintiff provided labor and services for Defendant, and he received and accepted the benefits of the labor and services supplied by Plaintiff.

36. Plaintiff expected to be paid a reasonable value for the labor and services provided to Defendant.

37. Plaintiff provided services to Defendant for his restaurant business, as he requested, and based on his assurances to Plaintiff that he would pay Plaintiff for services rendered, after which Defendant received and accepted the benefits of the work, efforts, and labor that Plaintiff provided, but for which Plaintiff was not fairly compensated for the value of his work.

38. Defendant was unjustly enriched by failing and refusing to pay Plaintiff for the value of the benefits he conferred upon Defendant.

WHEREFORE Plaintiff, Carlos Manuel Vasquez Lopez, demands the entry of a judgment in his favor and against Defendant, Henry Vera, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs, and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7

Respectfully submitted this 11th day of April 2025,

                                <u>s/Brian H. Pollock, Esq.</u>
                                Brian H. Pollock, Esq.
                                Fla. Bar No. 174742
                                brian@fairlawattorney.com
                                FAIRLAW FIRM
                                135 San Lorenzo Avenue, Suite 770
                                Coral Gables, FL 33146
                                Tel:   305.230.4884
                                *Counsel for Plaintiff*